Dionysius RICHERSON et al.

v.

Captain Robert R. FARGO, United States Navy, Commanding Officer, Philadelphia Naval Shipyard.

Civ. A. No. 73–905.

United States District Court,
E. D. Pennsylvania.

Feb. 5, 1974.

The Employment Discrimination Referral Project, Philadelphia, Pa., of counsel, Richard S. Meyer, John L. Braxton, Philadelphia, Pa., for plaintiffs.

Richard E. J. Curran, U. S. Atty., Richard J. Stout, Asst. U. S. Atty., Philadelphia, Pa. for defendants.

## MEMORANDUM

GORBEY, District Judge.

This action is brought pursuant to the Equal Opportunity Employment Act of 1972, 42 U.S.C. § 2000e et seq., alleging discrimination in promotional policies against members of the black race at the Philadelphia Naval Shipyard. Plaintiffs move for a determination that the case proceed as a class action representing all black civilians currently employed, formerly employed, or who may hereafter seek employment at the Philadelphia Naval Shipyard. Plaintiffs further move that this class be designated under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

In order for a racial discrimination action to be maintainable as a class action, the action must meet all four of Rule 23(a)'s requirements and must fall within one of Rule 23(b)'s three subdivisions. Banks v. Lockheed-Georgia Co. et al., 46 F.R.D. 442 (N.D. Ga.1968). There is no question that the named plaintiffs are members of the proposed class. They all are employees of the Naval Shipyard, who claim to have been discriminated against because of their race in obtaining promotions. Rule 23(a)(1) requires that a class be so numerous that joinder of all members is impracticable. In the instant case, there are approximately 1,600 black employees at the Naval Shipyard. If there is a pattern of discrimination against blacks, it would affect a substantial number of them. The potential class is obviously sufficient to meet the requirement of numerosity. It is not necessary that the exact number or identity of the class members be specified. Carpenter v. Davis, 424 F.2d 257 (5th Cir. 1970).

Rule 23(a)(2) requires that there be questions of law or fact common to the class. While it may be true that in an employment discrimination case there are certain facts which are unique to each individual claimant, the weight of authority has held that in such cases where a pattern of discrimination is alleged, the common questions of law and fact predominate. See Johnson v. Georgia Highway Express, Inc., 417 F.2d 1122 (5th Cir. 1969); Jenkins v. United Gas Corp., 400 F.2d 28 (5th Cir. 1968); Mack v. General Electric Co., 329 F.Supp. 72 (E.D.Pa.1971).

As with Rule 23(a)(2), the requirements of Rule 23(a)(3) have generally been held satisfied where the claim is for a pattern or policy of racial discrimination, holding that the claims of the representative parties are typical of

those of the proposed class. *See* Johnson v. Georgia Highway Express, Inc., *supra*, and Mack v. General Electric Co., *supra*. There is no apparent conflict between the claims of the named plaintiffs and those of the proposed class, for if the alleged pattern of discrimination existed, it would affect the entire class.

Rule 23(a)(4) requires that the representative parties will fairly and adequately protect the interests of the class. From the record before us, it is clear that at least several of the named plaintiffs have vigorously pursued their rights in the past. There is no indication that they will not continue to do so, or that they will not fairly represent the other members of the class. Plaintiffs' counsel is experienced in the field of racial discrimination; and, as evidenced by the quality of the briefs submitted in support of this motion, is well equipped to represent the interests of all of the class members. Accordingly, we hold that all of the requirements of Rule 23(a) have been met.

■ The court is concerned with the situation where a disgruntled employee, who happens to be a member of a minority, may use a major class action suit under Title VII as a weapon of revenge to harass his employer. However, in the case at bar, the plaintiff has provided a statistical breakdown of minority employment in the various positions at the Naval Shipyard.[1] This material supports plaintiffs' allegation of a pattern of discrimination in promotional practices since minority employment appears to be weighted toward the lower graded positions. While this is certainly not proof of a pattern, it has persuaded this court that plaintiffs' claim of a pattern of discrimination is not frivolous or completely without substance.

■ The plaintiffs urge that this action be designated a class pursuant to Rule 23(b)(2). Rule 23(b)(2) provides:

"An action may be maintained as a class action if . . . the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

Rule 23(b)(2) was specifically devised for situations such as civil rights cases. Professor Moore noted that "A suit under the Civil Rights Act by an employee challenging employment and promotional discrimination is by the nature of the claim asserted appropriate for class action under (b)(2)". 3B Moore's Federal Practice ¶ 23.40. *See also* Johnson v. Georgia Highway Express, Inc., *supra*. Designation of this case under Rule 23(b)(2) means that any judgment will have a class-wide effect. There is no right under (b)(2) for members of the class to opt out, as there would be under (b)(3). Since, if the pattern of discrimination alleged is proved, it would affect the class as a whole, it is appropriate that the relief be afforded to the entire class and that the issues not be relitigated time and time again. This is one of the benefits and very purposes of treating a case as a class action. 3B Moore's Federal Practice ¶ 23.02(1).

■ Defendants assert that designation of this case as a class action would be improper since none of the named plaintiffs have standing to bring this action. We feel that this issue is more appropriate for resolution by either a motion to dismiss or a motion for summary judgment. However, at least one named plaintiff must establish his right to bring this action before he may represent the entire class. Miller v. International Paper Co., 408 F.2d 283 (5th Cir. 1969). Therefore, our designation of this case as a class action will be conditioned upon at least one of the present

---

1. Plaintiffs' reply brief, exhibit B. This material was compiled by the Naval Shipyard Industrial Relations Office and supplied to plaintiffs by defendants.

named plaintiffs establishing their right to bring this action. The fact that some members of the class have not exhausted their remedies will not bar their admission into the class. Miller v. International Paper Co., *supra*; Bowe v. Colgate-Palmolive Co., 416 F.2d 711 (7th Cir. 1969); Madlock v. Sardis Luggage Co., 302 F.Supp. 866 (N.D.Miss.1969). The only requirement is that one named plaintiff has done so.

The defendants also urge that Rule 23(c)(2) of the Federal Rules of Civil Procedure requires that a plaintiff give actual notice to each member of a proposed class. Rule 23(c)(2), by its very terms, only applies to class actions maintained under Rule 23(b)(3). Since we have decided that this action should be maintained under Rule 23(b)(2), no notice is required.