**Dionysius RICHERSON et al.**

v.

**Captain Robert R. FARGO, United States Navy, Commanding Officer, Philadelphia Naval Shipyard.**

**Civ. A. No. 73–905.**

United States District Court,
E. D. Pennsylvania.

Oct. 3, 1974.

Richard S. Meyer, John L. Braxton, Philadelphia, Pa., Employment Discrimination Referral Project, of counsel, for plaintiffs.

Robert E. J. Curran, U. S. Atty., Alan M. Lieberman, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

GORBEY, District Judge.

On February 5, 1974, this court conditionally certified that "this action shall be maintained as a class action subject to at least one of the present named plaintiffs being able to maintain his right to bring this action in his own name. This class shall be defined as: all black employees, past, present and future who have been discriminated against by reason of their race at the Philadelphia Naval Shipyard." Defendant has filed a motion requesting that we reconsider that determination.

In his motion for reconsideration, defendant raises an issue which was not presented to this court in the original motion and was not considered by this court in deciding that motion. However, the importance which we attach to this issue has caused us to reconsider our initial determination that the case shall proceed as a class action, and for the reasons that follow, we have decided now that the case should proceed only on those claims of the named plaintiffs and not as a class action.

■■ The issue which defendant has now raised involves the scope of review regarding claims brought by federal employees pursuant to the Equal Opportunity Employment Act of 1972 (42 U.S.C. § 2000e et seq.). In reaching our initial determination, this court assumed that the plaintiffs would be entitled to a hearing *de novo* as is the case in private sector employment discrimination cases brought pursuant to Title 7 of the 1964 Civil Rights Act. Since the issue is not raised we did not question that assumption. However, since that time we have had the opportunity to face that very question and have decided that as a general rule, there is no right to a trial *de novo* for federal sector employment discrimination cases brought pursuant to the 1972 Act. *See* Linda Ettinger v. Donald Johnson, Civil Action No. 73–702,

E.D.Pa., August 20, 1974. The identical issue now before us was faced by Judge Gasch in Pointer, et al. v. Sampson, 62 F.R.D. 689 (D.D.C., decided April 19, 1974). In this case, Judge Gasch held that there is no general right to a trial *de novo* from an administrative determination; relying on Hackley v. Johnson, 360 F.Supp. 1247 (D.D.C.1973) and Handy v. Gayler, 364 F.Supp. 676 (D.Md. 1973). Having made that determination, Judge Gasch concluded that he would not have jurisdiction to hear the claims of those who had not participated in the administrative process, for this would require a hearing *de novo*.

We are in complete accord with the decision in Pointer for it recognizes the basic concepts of the administrative process and judicial review thereof. Since it is not before us, we need not and do not decide whether plaintiffs could have filed class allegations before the Civil Service Commission pursuant to 5 C.F.R. 713 and then seek review of any resulting administrative action in the district court as a class action.

 Plaintiff also asserts a cause of action under the Civil Rights Act of 1866, 42 U.S.C. § 1981. However, even this remedy would require exhaustion of administrative remedies. Penn v. Schlesinger, 490 F.2d 700 (5th Cir. 1974); Fricklin v. Sabatini, et al. (Sept. 27, 1974, E.D.Pa.1974, Civil Action No. 73-1464).

## ORDER

And now, this 3rd day of October, 1974, upon consideration of defendant's motion to reconsider this court's order of February 5, 1974, designating this case as a class action and upon the briefs submitted in support and opposition of that motion and for the reasons stated in the foregoing memorandum, it is hereby ordered that: 1. said motion to reconsider is granted: 2. the order of this court dated February 5, 1974, granting plaintiffs' motion for determination of class and ordering that the action shall be maintained as a class action is hereby vacated; and 3. the case shall proceed on the claims of the named plaintiffs in their individual capacity.