**Dionysius RICHERSON et al.**

v.

**Captain Robert R. FARGO, United States Navy Commanding Officer.**

**Civ. A. No. 73–905.**

United States District Court,
E. D. Pennsylvania.

April 18, 1975.

Richard S. Meyer, John L. Braxton, Philadelphia, Pa., for plaintiffs; Employment Discrimination Referral Project, Philadelphia, Pa., of counsel.

Robert E. J. Curran, U. S. Atty., Alan M. Lieberman, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

GORBEY, District Judge.

Plaintiffs in this action are five black employees of the Philadelphia

Naval Shipyard. They claim that they have been discriminated against in their employment by reason of their race. This action is brought pursuant to 42 U.S.C. § 2000e–16 and 42 U.S.C. § 1981. Defendant has moved for summary judgment. By order of October 3, 1974, we denied class action status[1] and ruled that the case should proceed on the claims of the individual plaintiffs. This was based on our holding that the Equal Opportunity Employment Act of 1972 does not grant the right to a full trial *de novo* to federal employees. *See* Ettinger v. Johnson, E.D.Pa., Civil Action No. 73–702, filed August 20, 1974. Basing an action on 42 U.S.C. § 1981 does not change this result.[2] We have also held that under this statute the standard of review is limited to the normal review of the record of the administrative proceeding. Smith v. Snyder, E.D.Pa., 1974, 381 F.Supp. 1083. It is unnecessary here to recite the reasons expressed in those opinions, and we will now review the claims of the individual plaintiffs.

■ At the outset it is admitted in plaintiffs' brief in opposition to this motion that plaintiffs Albert Flournoy, Eugene Fleming, Jr. and Edward Hunt do not meet the jurisdictional requirements of the Act and thus cannot maintain this action in their own right. Since the case will not proceed as a class action, the claims of these individuals must be denied, and defendant's motion with respect to these individuals will be granted.

The file on plaintiff Dionysius Richerson is extensive, dating back to 1959. The instant claim was filed with the Department of the Navy on September 15, 1972. In his complaint plaintiff Richerson alleges that he should have been converted to an electronic engineer from an electronic technician in 1958. On November 15, 1970, plaintiff Richerson, at his own request, was allowed to convert from an electronic technician, grade GS 9, to an electronic engineer, grade GS 5. Plaintiff alleges that in order to make the switch from technician to engineer he was required to take the cut in grade because of racial discrimination.

As a result of plaintiff's complaint, a thorough investigation was begun. The information compiled was submitted to the base commanding officer who filed a proposed disposition on February 26, 1973. The plaintiff not having objected to this proposed disposition, it became the final decision of the agency on March 20, 1973. The original complaint in this action was filed on April 19, 1973. The final decision of the agency made a finding that there was no evidence to support plaintiff Richerson's allegation of racial discrimination.

Defendant raises several technical arguments with respect to the retroactivity of the Act and failure to timely file a complaint. However, we find it unnecessary to meet these objections. A careful review of the entire file which includes the records back to 1959 and plaintiff's complaint of racial discrimination at that time[3] and are convinced that the agency decision is based on more than substantial evidence.[4]

■ Plaintiff's only evidence was that of approximately thirteen persons (including plaintiff) who made the switch from technician to engineer, he is the only one who was required to take a re-

1. On February 5, 1974 (61 F.R.D. 641), we had originally granted plaintiffs' motion to confirm a class, however, upon reconsideration we vacated that order on October 3, 1974 (64 F.R.D. 393).

2. See our opinion in this case of October 3, 1974.

3. In 1959 plaintiff complained of discrimination in not being transferred to an engineering position. A full investigation was done at that time, a hearing was held where plaintiff was represented by an attorney, and the matter was adjusted.

4. One district court has held in the case of Guilday v. Department of Justice, D.C., 385 F.Supp. 1096, that the "preponderance of the evidence" test rather than the "substantial evidence" test is to be used. While we disagree with the use of the broader scope of review used in *Guilday*, we feel that even applying that standard to the case at bar would not change the result.

duction in grade. The investigation revealed numerous sound management reasons for this decision which we need not reiterate here. Also, one of the other twelve persons who made the switch from technician to engineer without taking a reduction in grade was black. In short, plaintiff's only evidence of discrimination is the fact that he was treated differently and he is black. While we recognize under certain situations such evidence may be sufficient to support a charge of discrimination, the case at bar is not one of those. The agency in question has provided compelling evidence to fill the gap and negate any inference of discrimination in Richerson's case. The agency, based on this evidence, has decided against plaintiff's claims. We will not disturb that finding. Accordingly, defendant's motion for summary judgment as to the plaintiff Richerson will be granted.

Plaintiff Dais filed a complaint on July 21, 1972, and withdrew it on July 27, 1972, relying on an informal request for action to the base commanding officer. Later, on March 30, 1973, and again on May 7, 1973, he filed formal complaints alleging that he was discriminated against in the handling of his informal complaint. This complaint was investigated and a final decision of the agency was rendered on November 5, 1973. This decision was appealed by Mr. Dais to the U. S. Civil Service Commission. On March 19, 1974, the U. S. Civil Service Commission affirmed the decision of the agency. Mr. Dais intervened as a party plaintiff in the instant action with the filing of the amended complaint on June 13, 1973. Mr. Dais' complaint was not about a specific incident of discrimination that he was subjected to, but was a complaint with respect to the general treatment of himself and other blacks in the Navy Yard.

■ Initially defendant argues that at the time plaintiff Dais became a party to this action there was no final decision of the agency, thus no jurisdiction in this court to hear the claim of the plaintiff Dais. Plaintiff argues that since plaintiff Dais' initial complaint of July 21, 1972, was not acted on within 180 days that there is jurisdiction to hear this claim under 42 U.S.C. § 2000e–16 (c). This argument specifically ignores the fact that on July 28, 1972, plaintiff Dais withdrew this complaint and wrote an informal request for action. Plaintiff had no complaint outstanding for more than 180 days nor a final decision of the agency at the time of the filing of this action. Thus, there is no basis for jurisdiction upon which plaintiff Dais can bring this claim, having failed to exhaust his administrative remedies at the time of the filing of the complaint. Plaintiff Dais has not argued, thus we need not consider, whether the later act of a final decision would vest this court with jurisdiction *nunc pro tunc*, when such jurisdiction obviously did not exist at the time of the filing of the complaint. Accordingly, as to plaintiff Dais, defendant's motion for summary judgment will also be granted.

### ORDER

And now, this 18th day of April, 1975, upon consideration of defendant's motion for summary judgment and upon consideration of the briefs submitted in support and opposition of that motion, and for the reasons stated in the foregoing memorandum, it is hereby ordered that said motion is granted as to each of the named plaintiffs, and judgment is entered for the defendant and against the plaintiffs.