Laurence H. ORINGEL,
Plaintiff-Appellant,

v.

F. David MATHEWS, Social Security Administrator, Dept. of Health, Education and Welfare, Defendant-Appellee.

No. 74–3971.

United States Court of Appeals,
Fifth Circuit.

July 12, 1976.

Roy Maughan, Elliott W. Atkinson, Jr., Baton Rouge, La., for plaintiff-appellant.

Douglas M. Gonzales, U. S. Atty., Robert S. Leake, Asst. U. S. Atty., Baton Rouge, La., for defendant-appellee.

Before BROWN, Chief Judge, TUTTLE and RONEY, Circuit Judges.

PER CURIAM:

The issue presented in this case is whether a federal employee alleging racial discrimination against his federal employer is entitled to a *de novo* hearing before the federal district court under the 1964 Civil Rights Act, as amended in 1972, 42 U.S.C.A. § 2000e–16, or whether the district court must review the case on the administrative record. After oral argument, we withheld decision pending the Supreme Court's disposition of *Chandler v. Roudebush,* —— U.S. ——, 96 S.Ct. 1949, 48 L.Ed.2d 416, 44 U.S.L.W. 4709 (1976).

In *Chandler* the Court stated the issue to be:

[W]hether the 1972 Act gives federal employees the same right to a trial *de novo* of employment discrimination claims as "private sector" employees enjoy under Title VII.

—— U.S. at ——, 96 S.Ct. at 1950, 44 U.S.L.W. at 4710. The Supreme Court held that federal employees are entitled to a trial *de novo* in the district court. The Court found that the legislative history of the 1964 Civil Rights Act, as amended in 1972, 42 U.S.C.A. § 2000e–16, reinforced the plain statutory language that Congress intended to accord federal employees the same right of trial *de novo* as enjoyed by private sector employees and employees of state governments and political subdivisions. *See* 42 U.S.C.A. § 2000e–5; *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). In reviewing this legislative history the Court stated:

But the two committees clearly chose to permit *de novo* judicial trial of such complaints rather than mere judicial review of employing agency determinations: In

both the House and Senate committee bills, the sections which accorded an aggrieved federal employee the right to file a "civil action" following adverse agency action referred not to the substantial evidence review provisions applicable to EEOC cease-and-desist orders but rather to other provisions which retained the private sector employee's right to a trial *de novo* in specified circumstances.

—— U.S. at ——, 96 S.Ct. at 1956, 44 U.S.L.W. at 4713 (footnote omitted). The fact that federal employees might have an impartial agency determination did not deter Congress from providing federal employees who had been through these proceedings the right to file a plenary civil action.

In the instant case, plaintiff alleged racial discrimination in his failure to obtain job promotions with higher G.S. rankings than, at the time of this appeal, his present G.S. 9 rating. The district court granted HEW's motion for summary judgment on the ground that there was sufficient evidence in the administrative record to support the agency's determination of no racial discrimination. Appellant argued that he was entitled to a trial *de novo* before the district court and not merely judicial review of the record as composed during the administrative proceedings. The district court denied a trial *de novo* on the basis of *Hackley v. Johnson,* 360 F.Supp. 1247 (D.D.C.1973), subsequently reversed, 171 U.S. App.D.C. 376, 520 F.2d 108 (1975), and now specifically rejected by the *Chandler* Court. —— U.S. at ——, 96 S.Ct. at 1959, 44 U.S.L.W. at 4715–4716.

We reverse and remand for further proceedings in the district court consistent with *Chandler.*

REVERSED AND REMANDED.