534 F.2d 1182
 14 Fair Empl.Prac.Cas. 786,
12 Empl. Prac. Dec. P 11,062
Laurence H. ORINGEL, Plaintiff-Appellant,
v.
F. David MATHEWS, Social Security Administrator, Dept. of
Health, Education and Welfare, Defendant-Appellee.
 No. 74-3971.
 United States Court of Appeals,
Fifth Circuit.
 July 12, 1976.
 
 Roy Maughan, Elliott W. Atkinson, Jr., Baton Rouge, La., for plaintiff-appellant.
 Douglas M. Gonzales, U. S. Atty., Robert S. Leake, Asst. U. S. Atty., Baton Rouge, La., for defendant-appellee.
 Appeal from the United States District Court for the Middle District of Louisiana.
 Before BROWN, Chief Judge, TUTTLE and RONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 The issue presented in this case is whether a federal employee alleging racial discrimination against his federal employer is entitled to a de novo hearing before the federal district court under the 1964 Civil Rights Act, as amended in 1972, 42 U.S.C.A. § 2000e-16, or whether the district court must review the case on the administrative record. After oral argument, we withheld decision pending the Supreme Court's disposition of Chandler v. Roudebush, --- U.S. ----, 96 S.Ct. 1949, 48 L.Ed.2d ----, 44 U.S.L.W. 4709 (1976).
 
 
 2
 In Chandler the Court stated the issue to be:
 
 
 3
 (W)hether the 1972 Act gives federal employees the same right to a trial de novo of employment discrimination claims as "private sector" employees enjoy under Title VII.
 
 
 4
 --- U.S. at ----, 96 S.Ct. at ----, 44 U.S.L.W. at 4710. The Supreme Court held that federal employees are entitled to a trial de novo in the district court. The Court found that the legislative history of the 1964 Civil Rights Act, as amended in 1972, 42 U.S.C.A. § 2000e-16, reinforced the plain statutory language that Congress intended to accord federal employees the same right of trial de novo as enjoyed by private sector employees and employees of state governments and political subdivisions. See 42 U.S.C.A. § 2000e-5; Alexander v. Gardner-Denver Co., 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). In reviewing this legislative history the Court stated:
 
 
 5
 But the two committees clearly chose to permit de novo judicial trial of such complaints rather than mere judicial review of employing agency determinations: In both the House and Senate committee bills, the sections which accorded an aggrieved federal employee the right to file a "civil action" following adverse agency action referred not to the substantial evidence review provisions applicable to EEOC cease-and-desist orders but rather to other provisions which retained the private sector employee's right to a trial de novo in specified circumstances.
 
 
 6
 --- U.S. at ----, 96 S.Ct. at ----, 44 U.S.L.W. at 4713 (footnote omitted). The fact that federal employees might have an impartial agency determination did not deter Congress from providing federal employees who had been through these proceedings the right to file a plenary civil action.
 
 
 7
 In the instant case, plaintiff alleged racial discrimination in his failure to obtain job promotions with higher G.S. rankings than, at the time of this appeal, his present G.S. 9 rating. The district court granted HEW's motion for summary judgment on the ground that there was sufficient evidence in the administrative record to support the agency's determination of no racial discrimination. Appellant argued that he was entitled to a trial de novo before the district court and not merely judicial review of the record as composed during the administrative proceedings. The district court denied a trial de novo on the basis of Hackley v. Johnson, 360 F.Supp. 1247 (D.D.C.1973), subsequently reversed, 171 U.S.App.D.C. 376, 520 F.2d 108 (1975), and now specifically rejected by the Chandler Court. --- U.S. at ----, 96 S.Ct. at ----, 44 U.S.L.W. at 4715-4716.
 
 
 8
 We reverse and remand for further proceedings in the district court consistent with Chandler.
 
 
 9
 REVERSED AND REMANDED.