520 F.2d 409
 11 Fair Empl.Prac.Cas. 127,
10 Empl. Prac. Dec. P 10,336
David DeMATTEIS, Plaintiff-Appellant,
v.
EASTMAN KODAK COMPANY, Defendant-Appellee.
 No. 320, Docket 74-1708.
 United States Court of Appeals,
Second Circuit.
 July 30, 1975.
 
 Before KAUFMAN, Chief Judge, and ANDERSON and FEINBERG, Circuit judges.
 
 ON REHEARING:
 
 1
 On February 6, 1975 this court affirmed that portion of the judgment of the United States District Court for the Western District of New York which dismissed as time barred a claim of unlawful employment practice brought by appellant DeMatteis against the Eastman Kodak Company under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, for the reason that the statutory 90-day limitation period began to run when the Equal Employment Opportunity Commission notified the parties that it had dismissed appellant's charge, and not, as appellant argued, when he later received a "Notice of Right to Sue," which was held to be jurisdictionally irrelevant under the facts of the present case.[1]
 
 
 2
 On February 27, 1975 appellant filed a petition for rehearing of the case, in which he maintained that, contrary to the representations hitherto made to this court, he had not received, together with the "Notice of Determination" which disclosed that appellant's charge had been dismissed, a covering letter similar to the one the Commission sent to Kodak, which stated in essence that appellant had the right to proceed directly in the federal court,[2] but another, quite different letter stating that a notice of right to sue must first be obtained.[3] The Commission agrees that appellant had received the latter communication, and not the former. The defendant-appellee, Eastman Kodak Company, does not, however, concede the truth of these assertions and there remains an issue of fact to be determined by the district court.
 
 
 3
 Whereas it was proper under the facts as previously developed in this case to attribute the decision to apply for a notice of right to sue to counsel's misreading of the statute and applicable regulations, the Commission has now confessed error in that it had explicitly directed that such permission was required. If it is true, as DeMatteis now asserts, that he received the Commission regular form letter which stated that the recipient has 90 days "from the receipt of this notice" to commence a civil action in the United States District Court,[4] it is reasonable to conclude, as the Commission itself admits in its amicus brief filed on appellant's behalf, that appellant, in reliance on the Commission's erroneous instructions, filed suit within 90 days of his receipt of the notice of right to sue, which date, however, was more than 90 days after he had been notified of the Commission's dismissal of his charge. The appellant contends that his Title VII claim should not be barred because he was misled by the Commission into filing an untimely action.
 
 
 4
 Although we see no reason to change our decision that the statute of limitations begins to run on a Title VII claim, which the Commission has dismissed because it has determined after an investigation that there is not reasonable cause to believe that the allegation is true, when the Commission notified the parties of its action, "(w)e should not indulge in the fiction that the law now announced has always been the law and, therefore, that those who did not avail themselves of it waived their rights." Griffin v. Illinois, 351 U.S. 12, 26, 76 S.Ct. 585, 594, 100 L.Ed. 891 (1956) (Frankfurter, J., concurring in judgment). The issue in this case was one of first impression which this court resolved in a manner which, as witnessed by the Commission's earlier contrary instructions, was not clearly foreshadowed. It would be inequitable under such circumstances, and would frustrate the remedial purpose of the Civil Rights Act, to apply the decision of this court so as to bar the claim of a party who filed suit within the period recommended by the administrative body which had been established to help vindicate such statutory rights.
 
 
 5
 In view of these considerations we hereby modify our judgment in this case so that the portion thereof which deals with the Title VII claim will have prospective effect only, from the date of the original decision, plus 90 days, so that it will first apply to actions, wherein appellants or applicants have been misled by the Commission, brought under § 706 of Title VII on and after May 7, 1975. See, Chevron Oil Co. v. Huson, 404 U.S. 97, 105-09, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). We also must necessarily reverse that portion of the district court's judgment which, although based on a proper interpretation of the statute, dismissed appellant's claim under 42 U.S.C. § 2000e-2, and remand it for further proceedings, subject to findings by the district court as to the truth of the facts asserted by the plaintiff-appellant in his motion for rehearing. If it finds that the facts are in substance as DeMatteis has alleged, then and in that event the district court shall proceed with the case de novo. If, on the other hand, the district court finds that DeMatteis was not misled by any action of the Commission, then the district court shall dismiss the case.
 
 
 6
 The judgment of this court is reaffirmed in all other respects.
 
 
 
 [1]
 511 F.2d 306 (2 Cir. 1975)
 
 
 [2]
 The letter which appellant previously claimed to have received is reprinted in pertinent part in footnote 3 of the original opinion
 
 
 [3]
 The letter which appellant actually did receive stated in pertinent part:
 "Based upon a full investigation of this matter, this Commission has determined that the facts upon which your charge is based do not constitute a violation of Title VII of the Civil Rights Act of 1964, as amended.
 Notwithstanding this determination, you still have a right pursuant to Section 706 of Title VII to request, in writing, that this Commission issue a Notice of Right to Sue authorizing you to institute a civil action in the appropriate United States District Court." (Emphasis added.)
 
 
 [4]
 The Notice of Right to Sue is reprinted in footnote 4 of the original opinion