553 F.2d 364
 14 Fair Empl.Prac.Cas. 787,
15 Fair Empl.Prac.Cas. 1115,
13 Empl. Prac. Dec. P 11,545,
14 Empl. Prac. Dec. P 7617
Frank L. EASTLAND, Individually and on behalf of all others
similarly situated, et al., Plaintiffs-Appellants,
v.
TENNESSEE VALLEY AUTHORITY et al., Defendants-Appellees.
 No. 75-1855.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 28, 1977.
As Modified on Denial of Rehearing and Rehearing En Banc May 23, 1977.
 
 Joel L. Selig, Lawyers' Committee for Civil Rights Under Law, Richard T. Seymour, Washington, D. C., Susan W. Reeves, U. W. Clemon, Birmingham, Ala., for plaintiffs-appellants.
 Herbert S. Sanger, Jr., Gen. Counsel; Justin M. Schwamm, Asst. Gen. Counsel; Charles W. Van Beke, Assistant Gen. Counsel; James E. Fox, Atty., Division of Law, Knoxville, Tenn., for Tenn. Valley Authority.
 Bernard E. Bernstein, Knoxville, Tenn., for Salary Policy Employee Panel.
 George C. Longshore, Birmingham, Ala., for Tenn. Valley Trades, and others.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before THORNBERRY, SIMPSON and MORGAN, Circuit Judges.
 THORNBERRY, Circuit Judge:
 
 
 1
 The original complaint in this case was filed on May 21, 1973, by Frank L. Eastland under § 717 of the Civil Rights Act of 1964, as amended by § 11 of the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16, the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the Fifth Amendment of the United States Constitution. In addition to allegations of discrimination against him in his individual capacity, Eastland's complaint requested relief on behalf of ". . . all past, present, and future black employees and applicants for employment in TVA's Muscle Shoals, Alabama area operations and facilities, and all black persons who would apply or would have applied for employment in said operations but for the defendant's racially discriminatory recruitment and employment practice or reputation therefor." District Court Record at 2. The original complaint requested broad injunctive relief and monetary compensation for black employees and applicants. On October 13, 1973, an amended complaint was filed that added eleven named plaintiffs[1] and two additional defendants.[2] In its amended findings of fact and conclusions of law entered on December 31, 1974, the United States District Court for the Northern District of Alabama (1) granted summary judgment against all of the named plaintiffs except Eastland and Sheffield; (2) held that review of the claim presented by Eastland and Sheffield would be limited to the administrative record; and (3) held that a class action could not be maintained because class actions are unavailable where the scope of review is limited to the administrative record and because the class claims were not presented at the administrative level. Certification under 28 U.S.C. § 1292(b) was granted on June 5, 1975 on all questions of law and fact involved in the case except those related to the individual claims of appellant Eastland.
 
 
 2
 The following questions are before this court: (1) whether the district court properly granted summary judgment against all named plaintiffs except Eastland and Sheffield for failure to exhaust their administrative remedies under § 717 of the Civil Rights Act of 1964; (2) whether appellants may maintain an action alleging employment discrimination under 42 U.S.C. § 1981 in addition to their claim based on Title VII; (3) whether the district court erred in granting summary judgment against appellant Sheffield on the basis of his administrative record; (4) whether appellants were entitled to de novo review of their Title VII claims; and (5) whether appellants should be allowed to maintain a class action.
 
 I.
 
 3
 As previously mentioned, twelve persons were named as plaintiffs in appellants' amended complaint. The district court held that appellants Eastland and Sheffield had exhausted their administrative remedies and were properly before the court. Summary judgment was granted against the ten remaining plaintiffs-appellants for failure to exhaust administrative remedies, failure to file suit within the thirty-day time period for filing suits after notice of final action on their federal employment discrimination complaints, and because § 717 of the Civil Rights Act of 1964 is not retroactive. In order to facilitate discussion, appellants will be divided into groups according to the time when they brought their original administrative complaints.
 
 
 4
 Appellants Nash, Ricks, and Littleton all filed their claims and either received final agency determination or abandoned the administrative process prior to the time that the 1972 Amendments to the Civil Rights Act of 1964 became effective.[3] Although these appellants concede that they do not have independent standing to maintain an action under § 717, they contend that they are still proper plaintiffs in this lawsuit, because of their status as unnamed members of the class alleged in the original and amended complaints. The district court, however, granted summary judgment against these plaintiffs because their claims were determined before the 1972 Amendments became effective.[4]
 
 
 5
 We agree with the district court's determination that the 1972 Amendments should not be applied to plaintiffs who did not have administrative claims pending at the time that the 1972 Amendments became effective. While the Supreme Court has indicated in a footnote that the 1972 Amendments may be retroactively applied to employees who had administrative complaints pending at the time the Amendments became effective,[5] there is no authority for the proposition that federal employees who have received a final determination or have abandoned their administrative claim prior to March 24, 1972 are entitled to the same treatment. We hold that appellants Ricks, Nash, and Littleton had no substantive rights under the 1972 Amendments to Title VII since they did not have administrative claims pending on March 24, 1972, and that the district court did not err in granting summary judgment against them.
 
 
 6
 The second group of named plaintiffs that the district court granted summary judgment against is composed of appellants Vinson, Oates, Cohen, Fuqua, and Puryear. These appellants filed a joint claim with TVA on June 18-20, 1971. An adverse ruling was rendered on August 1, 1972. Their appeal to the United States Civil Service Commission Board of Appeals and Review was resolved against them on December 19, 1972. These five persons were named as plaintiffs in the amended complaint, which was filed on October 19, 1973, approximately ten months after the Civil Service Commission Board of Appeals and Review rendered its final decision. The district court granted summary judgment against this group of plaintiffs because their complaint was not filed within thirty days of the final decision of the Civil Service Commission Board of Appeals and Review,[6] and on the ground that the 1972 Amendments should not be retroactively applied to claims pending on the effective date.[7]
 
 
 7
 As previously discussed, we feel that § 717 is applicable to administrative claims pending on March 24, 1972, the date that the 1972 Amendments to Title VII became effective. Since appellants Vinson, Oates, Cohen, Fuqua, and Puryear had an administrative claim outstanding on the effective date, we hold that they had the right to file a civil action in federal court for a period of thirty days after the Civil Service Commission notified them of its final action on their claim. Unfortunately for this group of appellants, they failed to file their complaint in the district court within the thirty-day period. Indeed, it is undisputed that appellants' amended complaint was not filed until approximately ten months after the Civil Service Commission's final decision was rendered. In addition, the Civil Service Commission's final decision failed to notify them of their right to bring suit in federal district court. The question that must therefore be resolved is whether the thirty-day period for filing suit in district court provided by 42 U.S.C. § 2000e-16(c) should be measured from the time that notice of the Commission's final decision is received, or from the time that notice of the right to file a civil action is received by the employee.
 
 
 8
 Appellants contend that the notice sent to them by the Civil Service Commission was defective under the Commission's own regulations, which require that complainants who have a right to sue be notified of that right in connection with any final decision. 5 C.F.R. §§ 713.234, 713.282.[8] Appellants believe that their rights were timely invoked by plaintiff Eastland when he filed the original class action complaint within thirty days of the Civil Service Commission's decision in his case. Unfortunately, the resolution of this issue is not as simple as appellants Vinson, Oates, Cohen, Fuqua, and Puryear contend.
 
 
 9
 The Third Circuit and the District of Columbia Circuit have determined that the thirty-day limitation period does not run where the notice sent to the complainant failed to advise him of the limitation period. Allen v. United States, 542 F.2d 176 (3 Cir. 1976); Coles v. Penny, 531 F.2d 609 (D.C.Cir. 1976). But because we find the thirty-day limit to be jurisdictional, in accordance with the legislative history of the 1972 Amendments to Title VII and with private sector cases, we part company with those circuits and hold that these appellants' actions are barred.
 
 
 10
 In presenting to the Senate the 1972 Amendments to Title VII, Senators Williams and Javits stated:
 
 
 11
 In any area where the new law does not address itself, or in any areas where a specific contrary intention is not indicated, it was assumed that the present case law as developed would continue to govern the applicability and construction of Title VII.
 
 
 12
 118 Cong.Rec. S 7166 (daily ed. March 6, 1972). This policy was reflected in Parks v. Dunlop, 517 F.2d 785, 787 (5 Cir. 1975), where this court announced that Congress intended to extend to federal employees the same Title VII rights enjoyed by private sector employees. We have found no federal sector cases dealing with whether the thirty-day time limit is jurisdictional. Neither do we glean from the statute any indication that this time limit should assume a character different from that of the private sector ninety-day statutory limit set forth in 42 U.S.C. § 2000e-5(f)(1). Several cases have held that time limit to be jurisdictional: the courts cannot hear Title VII cases brought after the lapse of the prescribed time. See, e. g., Genovese v. Shell Oil Co., 488 F.2d 84 (5 Cir. 1973); Archuleta v. Duffy's Inc., 471 F.2d 33 (10 Cir. 1973); Choate v. Caterpillar Tractor Co., 402 F.2d 357 (7 Cir. 1968). In absence of authority in the federal sector to the contrary, we hold that the thirty-day limitation set forth in 42 U.S.C. § 2000e-16(c) is also a jurisdictional requirement. The question then is whether the Civil Service Commission's regulations, which provide for notification of the right to sue in connection with any final Civil Service Commission decision, should override the jurisdictional requirement that suit be filed in the district court within the thirty-day statutory limitation set forth in 42 U.S.C. § 2000e-16(c). We hold that they do not. The Second Circuit was confronted with a similar situation in the private sector case of Dematteis v. Eastman Kodak, 511 F.2d 306, modified on rehearing, 520 F.2d 409 (2 Cir. 1975). One of the issues in Dematteis was whether the limitation period set forth in 42 U.S.C. § 2000e-5(f) (1) began to run from receipt of notice of the Equal Employment Opportunity Commission's determination that there was not reasonable cause to believe that the charge was true and the dismissal of the charge, or from the later receipt of notice of right to sue. Similar to statutory authority in the federal sector, 42 U.S.C. § 2000e-5(b) provides a limitation on the time for bringing actions in the district court and no reference is made to notification of the right to sue;[9] in addition, a regulation promulgated by the Equal Employment Opportunity Commission, 29 C.F.R. § 1601.25(a)(3) states that notice of the right to sue will be given in connection with notice of the termination of administrative proceedings.[10] After taking notice of the fact that the ninety-day limitation in subsection (f)(1) was jurisdictional, the court ruled that to allow it to run from the time that notice of right to sue was received would result in the expansion of the jurisdiction of federal courts by a regulation of an administrative agency, which was improper. We believe that the instant case presents an analogous situation. As appellees point out, 42 U.S.C. § 2000e-16(b) does not require the Civil Service Commission to notify federal employees of their right to sue; it is only required to notify them of any final action taken on their complaints.[11] It is also true that if final action by the Civil Service Commission has not been taken within 180 days after the administrative complaint was filed, the complainant may file suit without any notice.[12] We feel that to replace the notice required by 42 U.S.C. § 2000e-16(c) with the notice specified in the Civil Service Commission's own regulation, 5 C.F.R. §§ 713.234, 713.282, would be an improper extension of the jurisdiction of the federal courts by an administrative agency. Dematteis v. Eastman Kodak, supra at 311; but see Coles v. Penny, 531 F.2d 609, 616-617 (D.C.Cir. 1976). This we decline to do. Accordingly, the portion of the district court's decision granting summary judgment against appellants Vinson, Oates, Cohen, Fuqua, and Puryear is affirmed. In so holding, however, we express no intention to invalidate the Civil Service Commission regulations. Rather, we say here only that the agency's failure to tell complainants of their right to file a court action in thirty days, while unwise, does not lift the jurisdictional bar lowered thirty days after notification of final agency action taken.
 
 
 13
 Although appellant Fitzgerald did not initiate an administrative claim along with appellants Vinson, Oates, Cohen, Fuqua, and Puryear, we feel that he is similarly situated. Fitzgerald filed a complaint with TVA on July 24, 1972, and received notice of an adverse ruling on February 5, 1973. His amended complaint was not filed in the district court until October 9, 1973, far beyond the thirty-day limitation set forth in 42 U.S.C. § 2000e-16(c). Since the commencement of an action in federal district court within thirty days is a jurisdictional fact,[13] the district court properly granted summary judgment against Fitzgerald for failure to comply with this time limitation.
 
 
 14
 It is undisputed that appellant James filed a timely claim for relief in the district court. The district court's amended order and final judgment dated December 31, 1974, states that summary judgment is granted against James for failure to exhaust administrative remedies. This is clearly incorrect since it is undisputed that James exhausted the administrative process and filed a timely claim in the district court. On the other hand, the district court's Conclusions of Law state that summary judgment was granted against James because he failed to show any genuine issue of material fact. This decision of the district court appears to have been based on a review of James' administrative record. In view of the Supreme Court's recent decision in Chandler v. Roudebush, 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976), holding that federal employees alleging job discrimination violative of the 1972 Amendments of Title VII, 42 U.S.C. § 2000e-16, have the same right to a trial de novo in federal district court as is enjoyed by private sector employees under the Act, we feel that the district court's decision to grant summary judgment against appellant James was premature. It is entirely possible that if James would have had the use of the discovery provisions of the Federal Rules of Civil Procedure in a trial de novo before the district court, he might have been able to develop factual issues for trial. The formal issues framed by the pleadings are not determinative on a motion for summary judgment and evidentiary matter may be developed, showing that the party moved against has presented genuine issues of material fact. See, Wright & Miller, Federal Practice and Procedure § 2721 (1973). The discovery rules should be liberally construed, Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947); Schlagenhauf v. Holder, 379 U.S. 104, 114-115, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), and we feel that this is especially true in Title VII cases where procedural technicalities should not impede the vindication of "guaranteed rights." Burns v. Thiokol Chemical Corp., 483 F.2d 300, 305 (5 Cir. 1973). The granting of summary judgment against appellant James is therefore reversed and his claim is remanded to the district court for a trial de novo.
 
 II.
 
 15
 In addition to their claim under Title VII, appellants also contend that they are entitled to relief under the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the fifth amendment of the United States Constitution. In Brown v. GSA, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), the Supreme Court held that the exhaustion and limitation requirements of § 717 of the Civil Rights Act of 1964 could not be circumvented by bringing federal employment discrimination claims under less demanding statutes such as § 1981.[14] "In the case at bar, as in Preiser (Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439) and the other cases cited above, the established principle leads unerringly to the conclusion that § 717 of the Civil Rights Act of 1964, as amended, provides the exclusive judicial remedy for claims of discrimination in federal employment." 425 U.S. at 835, 96 S.Ct. at 1969. The district court therefore acted properly in granting summary judgment against the appellants on their claims based upon § 1981.
 
 
 16
 III and IV.
 
 
 17
 Appellant Sheffield contends that the district court erred in granting judgment in favor of the appellees on the basis of his administrative record. The Supreme Court resolved this issue, as well as appellants' contention that the district court erred in refusing to conduct plenary judicial proceedings, when it held that the Civil Rights Act of 1964 as amended by the Equal Employment Act of 1972, 42 U.S.C. § 2000e-16 gives federal employees the same right to a trial de novo in federal district court of employment discrimination claims as private sector employees enjoy.[15] 425 U.S. 820, 96 S.Ct. at 1961. This circuit has announced its straight-forward adherence to this rule. See Oringel v. Mathews, 534 F.2d 1182 (5 Cir. 1976). We therefore hold that the district court erred in limiting its review of appellant Sheffield's claim to the administrative record. In addition, appellant Eastland should receive a plenary judicial proceeding in the district court.[16]
 
 V.
 
 18
 Appellants' final contention is that the district court erred in refusing to allow them to maintain a class action under federal rule 23(b)(2).[17] The district court's decision on this question was based upon its assumption that review was limited to the administrative record and the fact that class claims would not have to be presented at the administrative level.[18] For the following reasons we hold that a class action is permissible under § 717 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, and that it is not necessary for unnamed members of the class, as defined by the district court on remand, to exhaust their administrative remedies as a prerequisite to class membership.
 
 
 19
 As previously mentioned, the Supreme Court has held that federal employees have the same right to a trial de novo in employment discrimination claims as private sector employees enjoy under Title VII. Chandler v. Roudebush, supra. Although the Supreme Court was not presented with the question of whether class actions are permissible under the 1972 Amendments to the Civil Rights Act of 1964, we believe that the right to bring a class action is concomitant to the right to de novo proceedings in the district court. There is nothing in the 1972 Amendments that indicates that class actions are not permissible.[19] When confronted with this question in a suit filed by an employee in the private sector, this court held that a class action was permissible. Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (5 Cir. 1968). We feel that the rationale of the court in Oatis v. Crown Zellerbach Corp., supra, is applicable in the federal sector, and that it would be wasteful for numerous employees with the same grievance to individually exhaust their administrative remedies under § 717 before bringing suit in the district court:
 
 
 20
 "Racial discrimination is by definition class discrimination, and to require a multiplicity of separate, identical charges before the EEOC, filed against the same employer, as a prerequisite to relief through resort to the court would tend to frustrate our system of justice and order."
 
 
 21
 398 F.2d at 499. Not only will permitting federal employees to maintain class actions under § 717 place them on a parity with employees in the private sector, it will also effectuate the purpose of Rule 23 by allowing a procedural grouping of plaintiffs who are similarly situated.
 
 
 22
 Naturally, a class action may only be maintained if the requirements of Rule 23(a) and Rule 23(b)(2) can be complied with, and the only issues that may be raised are those issues that were raised by representative parties in their administrative complaints, together with those issues that may reasonably be expected to grow out of the administrative investigation of their claims. See Gamble v. Birmingham Southern RR., 514 F.2d 678 (5 Cir. 1975); Danner v. Phillips Petrol. Co., 447 F.2d 159 (5 Cir. 1971); Sanchez v. Standard Brands, Inc., 431 F.2d 458 (455) (5 Cir. 1970); Johnson v. Georgia Hwy. Express, 417 F.2d 1122 (5 Cir. 1969); Oatis v. Crown Zellerbach Corp., supra. We express no opinion on the question of whether the maintenance of a class action is proper in the case at hand; rather, our holding is limited to a reversal of the district court's Conclusion of Law stating that class actions are not as a general rule permissible under the 1972 Amendments to the Civil Rights Act of 1964.[20] On remand, the district court is directed to conduct a hearing to determine whether maintenance of a class action under Rule 23(a) and Rule 23(b) (2) is proper.[21]
 
 
 23
 REVERSED AND REMANDED.
 
 
 
 [1]
 Louis J. Sheffield, Andrew V. Oates, Sam Cohen, Jr., Houston T. Fuqua, Melvin M. Puryear, Thomas Vinson, William N. James, Isiah Fitzgerald, John B. Ricks, Robert H. Nash, Robert Littleton, Jr
 
 
 [2]
 Tennessee Valley Trades and Labor Council and the Salary Policy Employee Panel
 
 
 [3]
 Nash filed a formal complaint on September 19, 1969. This complaint was abandoned in favor of a civil action, and his action was dismissed for failure to exhaust on October 12, 1970
 Ricks filed an administrative complaint on September 8, 1971. This complaint was withdrawn when Ricks was granted a promotion on October 31, 1971.
 Littleton filed a complaint on February 6, 1970. After an adverse decision was rendered, Littleton appealed to the Civil Service Commission Board of Appeals and Review which affirmed the initial decision on April 5, 1971.
 The 1972 Amendments to the 1964 Civil Rights Act became effective on March 24, 1972.
 
 
 [4]
 "These plaintiffs cannot now come into federal court on their amended complaint since their claims had already been determined before amended Title VII became effective." Amended Findings of Fact and Conclusions of Law, District Court Record at 307
 
 
 [5]
 The Second Circuit in Brown v. GSA, 507 F.2d 1300 (2 Cir. 1974), held that the 1972 Amendments to Title VII may be retroactively available to federal employees who had claims pending on March 24, 1972. In its decision in the same case, the Supreme Court allowed the Second Circuit's holding on retroactivity to stand:
 The Court of Appeals for the Second Circuit affirmed the judgment of dismissal. Brown v. GSA, 507 F.2d 1300 (1974). It held, first, that the section 717 remedy for federal employment discrimination was retroactively available to any employee, such as the petitioner, whose administrative complaint was pending at the time section 717 became effective on March 24, 1972.4
 
 
 [4]
 The parties have apparently acquiesced in this holding by the Court of Appeals, and we have no occasion to disturb it
 Brown v. GSA, 425 U.S. 820, 824, 96 S.Ct. 1961, 1964, 48 L.Ed.2d 402 (1976).
 
 
 [6]
 42 U.S.C. § 2000e-16(c) requires federal employees who are aggrieved by the final disposition of their complaints to file suit in federal district court within thirty days of receipt of Notice of Final Action by their government agency or by the Civil Service Commission if they have appealed from a decision of their respective agency to the Civil Service Commission Board of Appeals and Review
 
 
 [7]
 "This court is of the opinion that said amended complaints are untimely both under § 717 of the Amended Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 (Supp. II, 1972), and under the Civil Rights Act of 1866, 42 U.S.C. § 1981 (1970). In addition, this court finds that the amended Title VII is not to be retroactively applied." Amended Findings of Fact and Conclusions of Law, District Court Record at 308
 
 
 [8]
 The relevant portion of § 713.234 provides, "The decision of the Board is final, but shall contain a notice of the right to file a civil action in accordance with § 713.282."
 Section 713.282 states that, "An agency shall notify an employee or applicant of his right to file a civil action, and of the thirty day time limit for filing, in any final action on a complaint under § 713.234."
 
 
 [9]
 "If the Commission determines after such investigation that there is not reasonable cause to believe that the charge is true, it shall dismiss the charge and promptly notify the person claiming to be aggrieved and the respondent of its action." 42 U.S.C. § 2000e-5(b)
 
 
 [10]
 "Any instance in which the Commission is unable to attain voluntary compliance as provided by Title VII, as amended, it shall so notify the respondent, the person filing the charge on behalf of the aggrieved person, the aggrieved person or persons, and any state or local agency to which the charge has been previously heard pursuant to § 1601.12 or § 1601.10. Notification to the aggrieved person shall include: advice concerning his or her right to proceed in court under § 706(f)(1) of Title VII." 29 C.F.R. § 1601.25(a)(3)
 
 
 [11]
 "The head of each such department, agency, or unit shall comply with such rules, regulations, orders, and instructions which shall include a provision that the employee or applicant for employment shall be notified of any final action taken on any complaint of discrimination filed by him thereunder." 42 U.S.C. § 2000e-16(b)
 
 
 [12]
 "Within thirty days of receipt of notice of final action taken by a department, agency, . . . or after 180 days from the filing of the initial charge with the department, agency, . . . an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in § 2000e-5 of this title. . . ." 42 U.S.C. § 2000e-16(c)
 
 
 [13]
 See private sector cases: Genovese v. Shell Oil Co., supra; Archuleta v. Duffy's Inc., supra; Choate v. Caterpillar Tractor Co., supra
 The affirmance of summary judgment against appellants Vinson, Oates, Cohen, Fuqua, Puryear, and Fitzgerald comports fully with the notions of prospectivity set out in Zambuto v. American Tel. & Tel. Co., 544 F.2d 1333 (5 Cir., 1977), and in the rehearing in DeMatteis v. Eastman Kodak Co., 520 F.2d 409 (2d Cir. 1975). Those two private sector Title VII cases held that a plaintiff's failure to file a civil action within thirty days of notification of final agency action bars the civil action, but the courts there declined to dismiss the petitions of the plaintiffs on those particular grounds.
 In Zambuto, a panel of this court found that the notice of final action sent by the EEOC misled the plaintiff as to the time at which the thirty days began to run. The notice stated that notice of right to sue would be issued on request. This language affirmatively misled this plaintiff by representing implicitly that the thirty days would not start to run until after the notice of right to sue was requested. 544 F.2d at 1335.
 The DeMatteis rehearing involved the petitioner's (plaintiff's) new assertion that the EEOC had informed him that notice of right to sue would be issued upon request. This constituted a change from the record before the court when it wrote the opinion in chief the record had then indicated that the EEOC notice made no mention of a right to sue notice. On rehearing, defendant disputed the plaintiff's change in allegations. In light of these conflicting representations, the court remanded the case to district court to resolve the question of which notice was received by the plaintiff. In doing so, the court made it plain that if the notice was as represented by plaintiff on rehearing, the bar erected by the ninety day limitation was to be applied prospectively only, since plaintiff did, in fact, file his civil action within ninety days of receipt of the notice of right to sue. 520 F.2d at 410, 411.
 The present case does not present that pattern of affirmatively misleading representations as to the time allowed for suit. Here, the agency sent no notice of the right to sue. Appellants' ground for avoiding the thirty day limit of § 717 is that the failure to send such a notice violated Civil Service Commission regulations, even though they received notice of final agency action. DeMatteis and Zambuto do not reach the situation presented here, where the agency makes no affirmative misleading representations.
 
 
 [14]
 "The balance, completeness, and structural integrity of § 717 are inconsistent with the petitioner's contention that the judicial remedy afforded by § 717(c) was designed merely to supplant other putative judicial relief. His view fails, in our estimation, to accord due weight to the fact that unlike these other supposed remedies, § 717 does not contemplate merely judicial relief. Rather it provides for a careful blend of administrative and judicial enforcement powers. Under the petitioner's theory, by perverse operation of a type of Gresham's Law, § 717, with its rigorous administrative exhaustion requirements and time limitations, would be driven out of currency were immediate access to the courts under other, less demanding statutes permissible." 425 U.S. at 832, 96 S.Ct. at 1968
 
 
 [15]
 It is interesting to note that the Supreme Court recognized the possibility that allowing federal employees the right to trial de novo in federal district court might ultimately defeat the purposes of the administrative scheme, but felt compelled to grant federal employees the right to de novo review on the basis of legislative history. 425 U.S. at 820, 96 S.Ct. at 1961
 
 
 [16]
 The district court issued certification under 28 U.S.C. § 1292(b) on June 5, 1975, with respect to all issues in the action except Eastland's individual claims, which were remanded to the Civil Service Commission for supplementation of his administrative record
 
 
 [17]
 Appellants' amended complaint seeks injunctive relief on behalf of all past, present, and future black employees or applicants for employment in TVA's Muscle Shoals, Alabama area operations and facilities. Subdivision (b) (2) of Fed.R.Civ.P. 23 is designed for situations where a party has taken action or refused to take action with respect to a class, and relief of injunctive or declaratory nature is appropriate for the class as a whole
 
 
 [18]
 "Several recent decisions have stated that class actions are unavailable as a matter of law where the function of the court is limited to review of the administrative record."
 "In addition, this court has already pointed out that the exhaustion of the administrative remedies is a jurisdictional requirement. In the present case, these class claims were not presented at the administrative level, thus falling short of the jurisdictional prerequisite. By allowing a class action in this situation, the court would be providing a vehicle to the plaintiffs for bypassing agency determination."
 Amended Findings of Fact and Conclusions of Law, District Court Record at 312.
 
 
 [19]
 The relevant portion of 42 U.S.C. § 2000e-16(c) merely states, " . . . an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in § 2000e-5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c). While we have found no cases holding directly that this section permits class actions, several courts have assumed that the statute does allow such actions. See, e. g., Simmons v. Schlesinger, 546 F.2d 1100 (4 Cir. 1976); Hackley v. Roudebush, 171 U.S.App.D.C. 376, 520 F.2d 108 (1975); Thompson v. Roudebush, No. 74-C-3719 (N.D.Ill., Oct. 12, 1976); Keeler v. Hills, 408 F.Supp. 386 (N.D.Ga.1975); Ellis v. Naval Air Rework Facility, 404 F.Supp. 391 (N.D.Cal.1975); Sylvester v. United States Postal Service, 393 F.Supp. 1334 (S.D.Tex.1975); Barrett v. United States Civil Service Comm'n, 69 F.R.D. 544 (D.D.C.1975); Richerson v. Fargo, 61 F.R.D. 641 (E.D.Pa.1974)
 
 
 [20]
 "Plaintiffs also assert that they may bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. It is the opinion of this court that the class action must be denied."
 "In the present case, these class claims were not presented at the administrative level, thus falling short of the jurisdictional prerequisite. By allowing a class action in this situation, the court would be providing a vehicle to plaintiffs for bypassing agency determination." Amended Findings of Fact and Conclusions of Law, District Court Record at 312.
 
 
 [21]
 The fact that we have held that appellants Vinson, Oates, Cohen, Puryear, Fuqua, Fitzgerald, Ricks, Nash, and Littleton are not properly before the court as named plaintiffs does not mean that they are precluded from participating in this lawsuit as unnamed members of the class described in appellants' complaint. Whether or not these persons are proper members of the class is an issue to be determined by the district court if it decides that the requirements of Rule 23(a) and 23(b)(2) have been complied with
 Upon determining that a class action is available and proper under Rule 23, the district court may allow these plaintiffs to intervene. We leave that question for resolution in the district court. See Calhoun v. Cook, 487 F.2d 680 (5 Cir. 1973); Gabriel v. Standard Fruit and Steamship Co., 448 F.2d 724 (5 Cir. 1971). Compare Oatis v. Crown Zellerbach Corp., supra (nonexhausting plaintiffs allowed to remain as named parties after the court determined that a class action was proper).