**James KEY, Individually and on behalf of all others similarly situated, Plaintiff,**

**v.**

**LUMBERJACK MEATS, INC., a corporation, and Amalgamated Meat Cutters & Butcher Workmen of North America, Local 442, Defendants.**

Civ. A. No. 76–G–1275–S.

United States District Court, N. D. Alabama, S. D.

May 26, 1977.

Robert L. Wiggins, Bryan, Wiggins & Quinn, Birmingham, Ala., for plaintiff.

George C. Longshore, Cooper, Mitch & Crawford, Birmingham, Ala., for Local 442.

Alton B. Parker, Jr., Spain, Gillon, Riley, Tate & Etheredge, Birmingham, Ala., for Lumberjack Meats, Inc.

# MEMORANDUM OPINION

GUIN, District Judge.

This cause came on to be heard before the court upon the motions of defendants to dismiss the complaint heretofore filed. The court has considered the plaintiff's affidavit, the briefs filed, the pleadings, and the attachments thereto which consist of the determination of the Equal Employment Opportunity Commission (EEOC) dated August 24, 1973, and a certified letter from the EEOC to the plaintiff dated April 17, 1975.

The plaintiff originally filed a charge with the EEOC and the fact that said charge was timely filed is not in dispute. Subsequently, the EEOC issued a determination on August 24, 1973, containing a finding of "reasonable cause" for several charges and a finding of "no reasonable cause" with respect to the charge that the plaintiff had been discharged because of his race. The plaintiff did not file suit within 90 days from the receipt of the April 17, 1975, letter.[1] On August 13, 1976, the plaintiff received from the EEOC a form letter title, "Notice of Right to Sue." This action was filed within 90 days from the receipt of the August 13, 1976, letter.

The issue before the court is the effect of the April 17, 1975, letter. If that letter complies with a statutory scheme and provides the notice required by both statutes and judicial decisions, then the case before the court was not filed within the statutory time, and therefore, this court lacks juris-

1. This letter read as follows:
Dear Mr. Key:
This is to advise you that the Commission has been able to resolve all "cause" issues in the above-captioned case. However, we were unable to obtain any remedy for your individual charge, which received a "no cause" finding by the Commission.
Pursuant to Section 706(f) of the Act, as amended, and upon your written request, you are hereby notified that you may be granted the right to institute civil action in the appropriate Federal District Court. If you are unable to retain an attorney, the Federal Court is authorized in its discretion, to appoint an attorney to represent you and to authorize the commencement of the suit without payment of fees, cost or security. If you decide to institute suit and make the written request, you may take the letter which the Commission will send you, along with the Commission determination of reasonable cause to believe Title VII has been violated, to the Clerk of the Federal District Court nearest to the place where the alleged discrimination occurred, and request that a Federal District Judge appoint counsel to represent you.
Please feel free to contact this office of the Commission if you have any questions about this matter.

> Very truly yours,
> Evelyn Falkowski (Ms.)
> District Director

diction in the matter and the case must be dismissed.

■ There are two jurisdictional requirements applicable to a suit brought under Title VII of the Civil Rights Act of 1964, as amended. First, there must be a timely filing of a charge with the EEOC, which is not an issue here, and secondly, suit must be filed within 90 days after receiving the notice required under Section 706(f) of the Act. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Beverly v. Lone Star Lead Construction Corp.,* 437 F.2d 1136 (5th Cir. 1971); *Eastland v. Tennessee Valley Authority,* 553 F.2d 364 (5th Cir. 1977).

■ The purpose of notice under 706(f) is to notify a party of a termination of the EEOC's efforts on his behalf and that his administrative remedies have been exhausted. *Beverly v. Lone Star Lead Construction Corp., supra; Franks v. Bowman Transportation Co.,* 495 F.2d 398 (5th Cir. 1974); *Tuft v. McDonnell Douglas Corp.,* 517 F.2d 1301 (8th Cir. 1975); *DeMatteis v. Eastman Kodak Company,* 511 F.2d 306 (2nd Cir. 1975), mod., 520 F.2d 409 (2nd Cir. 1975); *Lacy v. Chrysler Corp.,* 533 F.2d 353 (8th Cir. 1976). The applicable wording of the statute is as follows:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section  .  .  .  or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission  .  .  shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge.
>
> 42 U.S.C. § 2000e-5(f).

That statute does not refer to a "right to sue" letter but simply states that notice of the agency action must be provided. 42

U.S.C. § 2000e-5(f). The line of cases holding that notice of a failure of conciliation by the EEOC does not trigger the 90-day statute is not applicable here. In those cases, the courts have held that the mere notice of a failure of conciliation will not start the statute to run since the possibility existed that the EEOC would decide to file suit, and that the final agency action would not take place until the EEOC had decided not to file suit. *Tuft v. McDonnell Douglas Corp., supra; Garner v. E. I. du Pont de Nemours and Co.,* 538 F.2d 611 (4th Cir. 1976); *McGuire v. Aluminum Company of America,* 542 F.2d 43 (7th Cir. 1976); *Zambuto v. American Telephone and Telegraph Company,* 544 F.2d 1333 (5th Cir. 1977). Here, however, there was no failure of conciliation and the EEOC specifically notified the plaintiff in the April 17, 1975, letter that they had been able to resolve all of the "cause" issues from their determination, but that they would be unable to further help the plaintiff with regard to his individual charge which received a finding of "no reasonable cause."

The Fifth Circuit has recently held that a two-letter procedure used by the EEOC which places the commencement of the 90-day period within the claimant's power by bifurcating the statutory notice is an invalid procedure and is counter to the plain meaning of the statute. *Zambuto v. American Telephone and Telegraph Company, supra.* The court in *Zambuto,* however, stated that its decision would apply prospectively only, to suits filed after April 11, 1977, since Mrs. Zambuto was misled by the invalid two-letter procedure. Plaintiff asserts that the facts in *Zambuto* are essentially the same as those in the case at bar and he would have this court overrule the defendants' motions because plaintiff filed before the effective date of *Zambuto. Zambuto,* however, is clearly distinguishable. First, *Zambuto* was not a "no cause" case. Secondly, the notice before this court was not "patently misleading as to the completion of agency action," *Id.* at page 1336, as the one with which the *Zambuto* court was confronted.

The letter sent to Mrs. Zambuto, as set out in the Fifth Circuit's opinion, read:

This is to inform you that [the] above-referenced case has been administratively closed.

However, we are awaiting the request for issuance of a Right-to-Sue letter from either you or your attorney, as informed would be forthcoming.

*Id.* at page 1334.

Conceding that the first paragraph of this letter could be read to mean that administrative remedies were exhausted without success, thus commencing the 90-day statute, the court decided that the second paragraph modified the first, containing an implied assurance that administrative proceedings would not, in fact, end until a Right to Sue letter had been mailed. The court said:

Because this paragraph declared that further administrative action was contemplated by the EEOC, it failed to furnish Mrs. Zambuto (or AT&T) with the form of notice required under [42 U.S.C.] § 2000e-5(f)(1) to start the 90-day period for filing suit. *Id.* at 1335.

■ This court reads *Zambuto* as standing for the proposition that where a plaintiff is misled as to the finality of the EEOC's determination by the invalid two-letter procedure, he may timely file suit within 90 days of receiving his Right to Sue letter, but before April 11, 1977.

■ Plaintiff, however, on the facts of the present case, could not have been reasonably misled as to the finality of the EEOC's determination. The "no cause" determination mentioned in the first paragraph was a determination that plaintiff's claim was without merit. A determination of "no cause" is a determination that the EEOC will pursue the claim no further; that it will neither file suit nor attempt to conciliate. The wording of the second paragraph is not such as would lead plaintiff reasonably to believe that the EEOC might pursue a claim it deemed meritless. The letter clearly informed him that his administrative remedies were exhausted.

■ Plaintiff, in his affidavit, complains that he was misled as to his rights by the April 17, 1975, letter and that the invalid two-letter procedure should not inure to his detriment. Plaintiff's misconceptions, however, were of a different sort from those dealt with in *Zambuto.* Mrs. Zambuto was misled as to the fact of a final agency determination. Plaintiff, here, was misled only as to his legal rights following the final agency determination. Plaintiff is not only presumed to have known the law but, in fact, had retained a lawyer. The Fifth Circuit, in *Eastland v. Tennessee Valley Authority, supra,* in interpreting a statute similar to 42 U.S.C. § 2000e-5(f), held that the notification of plaintiff's legal rights as required by an agency rule, is not necessary to the commencement of the limitation period. The only notice required is that of a final agency determination. Plaintiff is presumed to know the law and any misstatement of the law by the EEOC cannot be relied upon by him.

The April 17, 1975, letter obviously was intended to notify the plaintiff of his right to proceed with legal action under Section 706(f) of the Act, as amended. Not only does the letter advise the plaintiff of the EEOC's final resolution of all the issues in this case so that there could be no doubt in the plaintiff's mind that he would receive no further help from the EEOC, but also, the wording of the letter is couched in terms of "pursuant to Section 706(f) of the Act, as amended, and upon your written request, you are hereby notified" which is clearly intended to provide the statutory notice. The April 17, 1975, letter fulfills the requirement of notification of final agency action and it advises the plaintiff of his right to pursue further legal action in court.

In that the April 17, 1975, letter complies with the requirements of the statute, the plaintiff, in order to maintain an action under Title VII of the Civil Rights Act of 1964, as amended, would have to have filed this action within 90 days of April 17, 1975. It was filed on September 13, 1976, over one year and four months after the notice had been given. The plaintiff has failed to file

suit within 90 days as required by the statute, and this court lacks jurisdiction to hear the matter, and the complaint is DISMISSED.