**28**

Catherine H. Johnson MILAM
v.
UNITED STATES POSTAL SERVICE.

Civ. A. No. C81–55.

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 18, 1981.

O. Raymond Register, Atlanta, Ga., for plaintiff.

Lawrence E. Gill, Asst. U. S. Atty., Atlanta, Ga., William H. Brown, Jr., Asst. Regional Labor Counsel, U. S. Postal Service, Memphis, Tenn., for defendant.

## ORDER

ORINDA D. EVANS, District Judge.

Plaintiff brings this action against Defendant U.S. Postal Service alleging em-

ployment discrimination on the basis of race and gender. Defendant has moved to dismiss or for summary judgment on the ground that the complaint was not timely filed.

Plaintiff filed two administrative complaints with the Defendant's Equal Employment Opportunity officer. Her January 11, 1979 EEO Complaint alleged that she had been terminated by Defendant because of her gender and physical handicap. Defendant later decided to appeal an order of the State Labor Department to grant Plaintiff unemployment compensation; Plaintiff charged in her September 22, 1979 EEO complaint that this appeal was intended as retaliation for the filing of her first EEO complaint.

Defendant's EEO officer denied both complaints, and sent separate letters to Plaintiff notifying her of his denial and of her right to appeal to the Equal Employment Opportunity Commission in Washington within 30 days. These letters were identical form letters. Each letter, however, indicated in a heading the EEO officer's case number, and in the first sentence the date of the filing of the EEO complaint; each case had a different case number and filing date.[1] Plaintiff received both letters on June 2, 1980. On June 11, 1980, Plaintiff's counsel filed an appeal with the EEOC by letter. The heading of that letter mentioned one case number, that of the retaliation complaint.[2] Plaintiff took no further action to appeal the decision on her termination complaint.

The EEOC denied Plaintiff's appeal of the retaliation charge, and notified Plaintiff of its decision and of her right to file suit in this Court within 30 days. Plaintiff received this notification on December 12, 1980. She filed this suit 31 days later, on Monday, January 12, 1981.

The jurisdictional statute under which this court can hear claims by federal employees of employment discrimination on the basis of race or gender[3] is 42 U.S.C. § 2000e–16(c). That statute provides, in relevant part:

1. The relevant portion of each letter is reproduced below. The letter regarding the termination complaint provided:

> May 30, 1980
> Ms. Catherine H. Johnson
> 3984 Gretna Green Drive
> Decatur, GA 30034
>      Re:   Case No. 3–1–0398–9
>            Atlanta, GA
>
> Dear Ms. Johnson:
> Reference is made to your complaint of discrimination, filed with the EEO Office, Southern Region on January 11, 1979.

The letter regarding the retaliation complaint provided:

> May 30, 1980
> Ms. Catherine H. Johnson
> 3984 Gretna Green Drive
> Decatur, GA 30035
>      Re:   Case No. 3–2–1300–9
>            Atlanta, GA
>
> Dear Ms. Johnson:
> Reference is made to your complaint of discrimination, filed with the EEO Office, Southern Region on September 22, 1979.

The letters were otherwise identical.

2. The full text of this letter provided:

> June 11, 1980
> Office of Appeals and Review
> Equal Employment Opportunity Commission
> Washington, D. C. 20506
>
>      RE:   Catherine H. Johnson
>            Case No. 3–2–1300–9
>            Atlanta, Georgia
> Dear Sirs:
> Please accept this letter as formal notice of appeal of the above-referenced case. If additional information is needed, please contact me.
> Your cooperation is appreciated.
> Sincerely yours,
> /s/O. Raymond Register
> O. Raymond Register

3. Plaintiff's first EEO complaint, which she never appealed to the EEOC, asserts that her termination constituted discrimination on the basis of gender and physical handicap. The latter claim appears to be a reference to Plaintiff's alleged hepatitis, bladder operation and peptic ulcers, which she claimed accounted for her poor attendance record at work. However, the Complaint in this action mentions physical handicap only in passing (in ¶ V(B): "Plaintiff asserts that the procedure utilize (sic) in disciplining male employees who become physically handicapped is substantially different from the treatment afforded females"), and nowhere alleges discrimination on the basis of physical handicap. The Court therefore holds that all Plaintiff's claims are covered under 42 U.S.C. § 2000e–16(c), *infra*, which applies to federal employees' claims of discrimination on the basis of race and gender.

Within thirty days of receipt of notice of final action taken by a department . . . or by the Civil Service Commission [now the EEOC] upon an appeal from a decision or order of such department . . . on a complaint of discrimination based on race, color, religion, sex or national origin . . . an employee . . . may file a civil action . . .

Under the terms of section 2000e–16(c), Plaintiff had two opportunities to bring this lawsuit: within 30 days of receipt of notice of the denial of her claim by Defendant's EEO officer on June 2, 1980, or within thirty days of receipt of notice of the denial of her appeal by the EEOC on December 12, 1980.

■  Plaintiff never appealed the decision of Defendant's EEO officer to deny her termination complaint. Plaintiff appears to argue that Defendant somehow misled Plaintiff's attorney by sending two letters of denial, one for each of her claims, and that her attorney's June 11, 1980 letter to the EEOC was intended to serve as a notice of appeal of the EEO officer's denial of both claims. However, the EEO officer's letters listed separate case numbers and dates of filing. Plaintiff's letter of appeal mentioned only one of the two case numbers, and purported to appeal the decision in "the above-referenced case." The EEOC opinion denying Plaintiff's appeal refers only to the retaliation charge. Because the Complaint in this action was filed more than 30 days after Plaintiff's receipt of notice of the decision of Defendant's EEO

officer, Plaintiff's Complaint regarding her termination was not timely filed.

Plaintiff properly appealed Defendant's denial of her retaliation charge to the EEOC, which denied her appeal. Plaintiff filed the Complaint in this action 31 days after receiving notice of EEOC's decision. Because the thirtieth day was a Sunday, Plaintiff argues that under Fed.R.Civ.P. 6(a), her filing on the next business day was timely.[4]

■  In *Eastland v. Tennessee Valley Authority*, 553 F.2d 364 (5th Cir. 1977), the Fifth Circuit held that 42 U.S.C. § 2000e–16(c) is a congressional grant of jurisdiction to the District Courts, and that its 30 day limit could not be expanded by EEOC regulation. *Id.* at 368–69. Since *Eastland*, two District Courts in this Circuit[5] have considered Plaintiff's Rule 6(a) argument, and have reached opposite conclusions. In *Jordan v. Lewis Grocer Co.*, 467 F.Supp. 113 (N.D.Miss.1979), the Court held that Rule 6(a) could be applied to extend the period for filing a discrimination complaint to include the next Monday.[6] In *Smith v. Bailar*, 22 FEP Cases 1378 (N.D.Ga.1980), the Court refused to include the following Monday in the 30 day period, citing *Eastland*. This Court finds the reasoning of *Smith* to be persuasive.[7]

In *Smith*, Judge Edenfield reasoned that if 42 U.S.C. § 2000e–16(c) is a jurisdictional statute, as the Fifth Circuit held in *Eastland*, then its 30 day limitation cannot be extended by Rule 6(a). Indeed, Fed.R.

---

4. Fed.R.Civ.P. 6(a) provides, in relevant part: In computing any period of time prescribed or allowed . . . by any applicable statute . . . [t]he last day of the period . . . shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.

5. Plaintiff has cited several cases from outside the Fifth Circuit in which Rule 6(a) was applied to extend the 30 day period. In *Eastland*, the Fifth Circuit expressly disagreed with two other Circuits in finding section 2000e–16(c) to be a jurisdictional statute. 553 F.2d at 368. In light of this holding, the Court finds that cases from other Circuits with regard to this issue are inapposite.

6. *Jordan* actually involved 42 U.S.C. § 2000e–5(f)(1), which provides for a 90 day period in which employees in the private sector can bring employment discrimination suits, analogous to the 30 day period for federal employees at issue here. In deciding *Eastland*, the Fifth Circuit treated section 2000e–5(f)(1) and section 2000e–16(c) as analogous. 553 F.2d at 368–69.

7. The *Jordan* court decided the Rule 6(a) issue in one paragraph. The court cited only three cases, none from this Circuit, and ignored *Eastland*.

Civ.P. 82 provides that the Federal Rules of Civil Procedure "shall not be construed to extend or limit the jurisdiction of the United States district courts." Furthermore, the Fifth Circuit has held that the analogous 90 day limitations period for private sector employees cannot be extended by the court because the statute is jurisdictional in nature.[8] *Prophet v. Armco Steel, Inc.,* 575 F.2d 579 (5th Cir. 1978).

The Court therefore DISMISSES the Complaint for lack of subject matter jurisdiction.

---

**8.** The *Prophet* decision concerned 42 U.S.C. § 2000e–5(f)(1), which the Fifth Circuit treats as analogous to 42 U.S.C. § 2000e–16(c), the statute at issue here. See note 6 *supra.*