**Robin Ann SMITHBERG, Plaintiff,**

**v.**

**MERICO, INC., a Texas Corporation, doing business as Rod's Foods Products, Defendants.**

**No. CV 83–4100–DWW.**

United States District Court, C.D. California.

Oct. 14, 1983.

Richard A. Katzman, a Member of Balowitz & Wolf, Santa Ana, Cal., for plaintiff.

Herbert H. Hiestand, Jr., Glenn K. Rush, Alan F. Varner, Members of the Firm of Hiestand & Brandt, Los Angeles, Cal., for defendants.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND STRIKE

DAVID W. WILLIAMS, District Judge.

This is a diversity action in which plaintiff alleges defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Civil Rights Act of 1866, 42 U.S.C. § 1981, the California Fair Employment and Housing Act, Cal. Gov't Code § 12940, and Article 1, Section 8 of the California Constitution by denying plaintiff a discrimination-free workplace and discharging her.

The grounds for plaintiff's complaint is that defendant's managerial personnel allegedly subjected her to racially disparaging remarks and jokes to which plaintiff "had a particular psychological and emotional sensitivity." Plaintiff's Opposition to defendant's Motions to Dismiss and Strike at 2. Plaintiff asserts that defendant knew of her opposition to discrimination yet permitted its employees to make "racially derogatory comments in the presence of the plaintiff, for the purpose of causing great emotional distress to the plaintiff and creating a stressful and unhealthful working environment for the plaintiff." Complaint ¶ 21. Plaintiff alleges that she was subjected to unwarranted criticism and harassment following her objections to the racial remarks. *Id.* ¶ 24. Plaintiff further alleges that defendant had a dual application system for prospective employees: whites received one application, Blacks another, which was never processed. Plaintiff asserts that she was denied a discrimination-free workplace be-

cause of defendant's alleged practice of not hiring Blacks. *Id.* ¶ 23.

Plaintiff finally alleges that she has a physical handicap and was discharged for seeking necessary medical attention. Thus, "defendant failed to reasonably accommodate [her] physical handicap...." Complaint ¶ 28. Plaintiff seeks equitable and injunctive relief, including an injunction "requiring the defendant to employ a specified number of [B]lacks and to treat the black employees so hired on a[n] equal basis with its white employees." Complaint ¶ 34.

Defendant moves to dismiss plaintiff's complaint in its entirety, or certain causes of action, for failure to state a claim upon which relief may be granted.

## I

Plaintiff seeks dismissal of defendant's motion for violation of Local Rules 3.5 and 4(m) because the form of defendant's papers does not comport with the Rules. Plaintiff is correct, but this court deems it important to dispose of defendant's motion on the merits.

## II

### A. *Plaintiff's Title VII Claim.*

■ I. Defendant contends that plaintiff does not have standing to bring a Title VII action because plaintiff is white and her claim alleges discrimination against racial minorities. The case law makes it clear, however, that standing can be properly conferred on the plaintiff so that she may bring her claim. In *Waters v. Heublein, Inc.*, 547 F.2d 466, 469–70 (9th Cir. 1976), *cert. denied*, 433 U.S. 915, 97 S.Ct. 2988, 53 L.Ed.2d 1100 (1977) a white woman brought suit to enjoin employment discrimination against Blacks and Hispanic-Americans. The court applied the Supreme Court's analysis in *Trafficante v. Metropolitan Life Ins. Co.*, 409 U.S. 205, 93 S.Ct. 364, 34 L.Ed.2d 415 (1972) and ruled that in these cases a white plaintiff has standing to sue because he has been injured by the loss of important benefits derived from interracial associations. The ruling in *Waters* has been followed in several other Circuits, *see, e.g., Stewart v. Hannon,* 675 F.2d 846, 849 (7th Cir.1982); *Brown v. Eckerd Drugs, Inc.,* 663 F.2d 1268, 1273–74 (4th Cir.1981); *EEOC v. Bailey Co.,* 563 F.2d 439, 452–53 (6th Cir.1977), *cert. denied,* 435 U.S. 915, 98 S.Ct. 1468, 55 L.Ed.2d 506 (1978) and controls here. Thus, plaintiff's claim is properly before this court.

■ 2. In its reply papers, defendant asserts that plaintiff has not stated a claim cognizable under Title VII because "[p]laintiff has done nothing more than allege that various 'jokes' were uttered in her presence which engendered an offensive feeling in her." Memorandum of Points and Authorities in Reply to plaintiff's Opposition to this defendant's Motion to Dismiss and Strike at 4. Defendant boldly concludes that "there are certain group 'wrongs' which reasonable persons are required to accept." *Id.* The controlling case is *Rogers v. EEOC,* 454 F.2d 234 (5th Cir.1971), *cert. denied,* 406 U.S. 957, 92 S.Ct. 2058, 32 L.Ed.2d 343 (1972). In *Rogers,* the EEOC sued on behalf of a Hispanic woman who alleged discrimination by her employer against its patients. The court enunciated the principle that an employee's psychological well being is statutorily protected from a work environment filled with discrimination. Defendant refers to the court's statement that "an employer's mere utterance of an ethnic or racial epithet which engenders offensive feelings in an employee [does not fall] within the proscription of Section 703 [of Title VII]." *Id.* at 238. Plaintiff in this case is not complaining of a "mere utterance," however. Rather, she is complaining of an allegedly pervasive practice of discrimination which allegedly caused her great emotional harm. Thus, there is no merit to defendant's argument.

In *United States E.E.O.C. v. T.I.M.E.-D.C. Freight, Inc.,* 659 F.2d 690, 691–92 (5th Cir.1981), the court ruled that white truck drivers had standing to sue for discrimination against Blacks because the plaintiffs established a violation of their

personal right to work in an environment unaffected by racial discrimination. Plaintiff in this case has alleged the same harm and her Title VII claim should stand.

### III

#### A. *Plaintiff's Claim Under 42 U.S.C. § 1981.*

■ The essence of plaintiff's claim is that she was fired because she objected to racial discrimination in the workplace. Defendant asserts that plaintiff cannot bring her claim under this statute because plaintiff is white and the statute provides that all persons shall enjoy the same rights as white persons. Defendant is again contending that plaintiff has no standing to sue. However, the courts in two Circuits have held that a white person has standing to sue under § 1981 when he has been fired in retaliation for trying to vindicate the rights of non-white persons. *See Winston v. Lear-Siegler, Inc.,* 558 F.2d 1266 (6th Cir.1977); *DeMatteis v. Eastman Kodak Co.,* 511 F.2d 306 (2d Cir.1975), *modified* 520 F.2d 409 (2d Cir.1975). The Civil Rights statutes are to be read broadly and plaintiff's claim should stand.

### IV

#### A. *Plaintiff's State Claims.*

1. Violation of Article I, Section 8 of the California Constitution.

■ Plaintiff contends that defendant's actions violated Article I, Section 8 of the California Constitution which provides that "[a] person may not be disqualified from entering or pursuing a business, profession, vocation or employment because of sex, race, creed, color or national or ethnic origin." Defendant contends that plaintiff has no standing to sue under this statute because she was not subject to discrimination. The principles enunciated in the federal cases discussed above apply here and the Constitution should be read broadly. Thus, plaintiff's claim should stand.

#### B. *Violation of California Government Code § 12940.*

■ This statute provides that an employer may not refuse to hire a person on the basis of race, religion, sex, physical handicap, medical condition, or marital status unless based on a bona fide occupational qualification. Defendant contends that plaintiff does not have standing to bring a claim of race discrimination because she is alleging discrimination against others. As discussed above, such a contention is without merit and plaintiff's claim is properly before this court.

1. Plaintiff's Physical Handicap.

■ Plaintiff asserts that she may have been discharged due to her physical handicaps—two heart conditions and other physical problems—in violation of this statute. Defendant contends that plaintiff's problems do not satisfy the statutory definition of physical handicap because they do not involve impairment of sight, hearing, speech, or physical ability due to amputation. Defendant suggests a narrow reading of the definition which the California Supreme Court dismissed. In *American Nat'l Ins. Co. v. FEHC,* 32 Cal.3d 603, 186 Cal.Rptr. 345, 651 P.2d 1151 (1982), the court ruled that high blood pressure may be a "physical handicap" within the meaning of the statute because the statutory definition of the term is not restrictive, thus permitting consideration of all handicaps that are physical. Clearly, then, plaintiff's heart condition should be deemed a "physical handicap" within the meaning of the statute.

### V

■ Defendant contends that plaintiff has not stated a proper claim for damages. Under California Civil Code § 3294, all that is necessary for punitive damages to be imposed is a finding of malice. Plaintiff has alleged malice on the part of defendant thus there is nothing improper with her claim.

Finally, defendant moves to strike certain portions of plaintiff's complaint. The

84

reasons given are that they are "redundant, immaterial, impertinent or scandalous." Notice of Motion at 2. What defendant would have this court do is strike factual and legal allegations that are necessary to plaintiff's pleadings. Defendant gives no plausible reasons and plaintiff's complaint should remain intact. Defendant has not established any valid legal support for its motion to dismiss and strike and it is hereby DENIED.

IT IS SO ORDERED.