**Erno A. BROWN, Plaintiff,**

v.

**Stansfield TURNER, Defendant.**

**Civ. A. No. 79–3444.**

United States District Court, District of Columbia.

May 22, 1980.

Valerie V. Ambler, Ambler & Newman, Washington, D. C., for plaintiff.

Mark A. Chavez, Federal Programs Branch, Civ. Div., U. S. Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION

### FLANNERY, District Judge.

This case comes before the court on the defendant's motion to dismiss. The plaintiff here charges his employer, the Central Intelligence Agency (CIA), with employment discrimination in violation of the Equal Employment Opportunity Act of 1972 (EEO Act), Pub.L. 92–261, 86 Stat. 111, which amends Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e—2000e–17 (1974). He alleges that although he was qualified to be hired at the GS–12 salary level on the date of his appointment to the CIA, he was instead hired at the GS–11 level on account of his race. The court is persuaded that because it lacks subject matter jurisdiction over this case, the motion to dismiss must be granted.

### Discussion

At issue here is the extent of the retroactive effect of section 717(c) of the EEO Act, 42 U.S.C.A. § 2000e–16(c) (1974), under which the plaintiff sues. The alleged act of discrimination took place on April 5, 1971, when the plaintiff joined the CIA. He first consulted an Equal Employment Opportunity counselor on February 23, 1976, and filed a formal administrative complaint on March 11, 1976. Then he brought the present action in federal court on December 21, 1979.

On March 24, 1972, the effective date of the relevant provisions of Title VII, the plaintiff had no pending claim, administrative or judicial. Moreover, there is no allegation of discrimination continuing from before 1972 to after the effective date of Title VII. It is the plaintiff's contention that notwithstanding the absence of continuing discrimination or of a claim pending in some forum on the effective date of Title VII, he is entitled to the protection of Title VII. This contention cannot be accepted.

■ It is settled law in this circuit that the EEO Act does apply retroactively to pre-1972 acts of discrimination if a claim was pending on March 24, 1972. *Womack*

*v. Lynn*, 504 F.2d 267 (D.C.Cir. 1974). Similarly, claims of pre-1972 discrimination are cognizable under the EEO Act where the claimants also allege post-1972 discrimination and a continuous pattern of discrimination from the former period to the latter. *Bethel v. Jefferson*, 589 F.2d 631, 636–37 (D.C.Cir. 1978). But *neither* precedent is applicable to the case at hand.

■ In 1976 Judge Richey of this court ruled against the plaintiff in *Stephenson v. Simon*, 427 F.Supp. 467, 471–72 (D.D.C. 1976), a case identical to the case at hand in all significant respects. He stated, "Since a claim by plaintiff with respect to the 1971 nonpromotion was not pending on March 24, 1972, the Court has no jurisdiction to award any relief for any discrimination taking place prior to that date." *Id.* at 471–72. At oral arguments here the plaintiff conceded that *Stephenson* was on point but argued that there the issue of retroactivity was inadequately briefed and, in any event, wrongly decided. Although the facts in *Womack* were different from those here, and hence the strict holding of *Womack* does not preclude a ruling for the plaintiff, the court is not persuaded that it should depart from Judge Richey's position. *Stephenson* is supported by two other cases in this district, *Jones v. United States*, 376 F.Supp. 13 (D.D.C.1974), and *Ward v. Califano*, 443 F.Supp. 89 (D.D.C.1979) (dictum), and the rule sought by the plaintiff, allowing resurrection of claims virtually without limit, would go too far.

The plaintiff relies heavily on two cases, *Huntley v. Department of Health, Education and Welfare*, 550 F.2d 290 (5th Cir. 1977), and *Chewning v. Schlesinger*, 471 F.Supp. 767 (D.D.C.1979) (per Flannery, J.). *Chewning* is inapposite, however, because unlike the case at hand, it involved continuing discrimination. 471 F.Supp. at 772 n.6, 774 n.9. Similarly, although *Huntley* does contain language clearly contrary to the ruling here,[1] a number of considerations

---

1. "We perceive no distinction between those cases in which the illegal conduct had occurred prior to the enactment of the 1972 amendment where there was already pending a claim based upon such conduct and a case like the one we

severely diminish its significance for this case. First, and perhaps most important, that case is not controlling authority in this circuit. Second, of the six cases cited in *Huntley*, four involved claims pending on the effective date of the EEO Act, *Eastland v. Tennessee Valley Authority*, as modified on denial of rehearing and rehearing en banc, 553 F.2d 364 (5th Cir. 1977); *Weahkee v. Powell*, 532 F.2d 727 (10th Cir. 1976); *Grubbs v. Butz*, 514 F.2d 1323 (D.C.Cir. 1975); *Brown v. GSA*, 507 F.2d 1300 (2d Cir. 1974), *aff'd*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976)—which renders them readily distinguishable from the present situation. Third, in *Eastland v. Tennessee Valley Authority*, 553 F.2d 364 (5th Cir. 1977), Judge Thornberry ruled in a case similar to the one at hand[2] that summary judgment should be entered against the plaintiffs for the same reasons advanced by the defendant here. He stated, "We agree with the district court's determination that the 1972 Amendments should not be applied to plaintiffs who did not have administrative claims pending at the time that the 1972 Amendments became effective." *Id.* at 367. Hence, the precedential weight of *Huntley* is dubious even within the Fifth Circuit.

For these reasons, the defendant's motion should be granted. An appropriate Order accompanies this Memorandum Opinion.

are concerned with, where the claim had not yet been filed." 550 F.2d at 295–96.

**2.** The difference is that in *Eastland* the appellants in question had filed timely administrative claims but then "either received final agency determination or abandoned the administrative process prior to the time that the [Act] became effective." 553 F.2d at 366.