**Erno A. BROWN, Appellant,**

v.

**Stansfield TURNER.**

**No. 80–1780.**

United States Court of Appeals,
District of Columbia Circuit.

Argued May 6, 1981.

Decided July 14, 1981.

Valerie V. Ambler, Washington, D. C., with whom Elizabeth L. Newman, Washington, D. C., was on the brief for appellant.

Mark A. Chavez, Atty., Dept. of Justice, Washington, D. C., with whom Alice Daniel, Asst. Atty. Gen., at the time the brief was filed and Charles F. C. Ruff, U. S. Atty. and Lewis K. Wise, Atty., Dept. of Justice, Washington, D. C., were on the brief for appellee. Robert Kopp, Atty., Dept. of Justice, Washington, D. C., also entered an appearance for appellee.

Charles Stephen Ralston, New York City, was on the brief for amicus curiae urging reversal.

Before WRIGHT and MIKVA, Circuit Judges and VAN DUSEN *, Senior Circuit Judge for the United States Court of Appeals for the Third Circuit.

Opinion for the Court filed by Senior Circuit Judge VAN DUSEN.

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

## OPINION

VAN DUSEN, Senior Circuit Judge:

Plaintiff Erno Brown filed this racial discrimination claim under Title VII[1] against the director of the Central Intelligence Agency ("CIA"), Stansfield Turner, on December 21, 1979. On May 22, 1980, the district court granted defendant Turner's motion to dismiss the action for lack of subject matter jurisdiction. *Brown v. Turner*, 490 F.Supp. 939 (D.D.C.1980). Brown filed this timely appeal on July 10, 1980. This court has jurisdiction under 28 U.S.C. § 1291 (1976). We affirm.

## FACTS

The CIA hired Brown on April 5, 1971, at the GS–11 level. His discrimination claim alleged that he was qualified for a GS–12 position, but that the CIA hired him at GS–11 because he is black. He first consulted an Equal Employment Opportunity ("EEO") counselor on March 11, 1976. The CIA accepted and processed his complaint and issued a final decision against him on November 21, 1977. The EEO Commission ("EEOC") denied his appeal on October 21, 1979, and he filed a complaint in federal district court. *Brown v. Turner*, 490 F.Supp. at 940. That court held that it had no jurisdiction over his claim where the alleged discrimination occurred prior to March 24, 1972, the effective date of amendments to Title VII which made it applicable to employees of the United States, and no administrative or judicial claim was pending on that date. *Id.* at 940–41.

## DISCUSSION

We first dispose of two collateral issues. Brown argues that (1) Title VII applies to his claim because the failure to promote him was a continuing violation lasting through 1976, and (2) since the statute does not explicitly require a claim pending on March 24, 1972, Title VII must apply even though a claim was not pending on that date.

■ Brown's district court complaint does not allege any continuing discrimination. It states:

"7. Plaintiff was qualified to be hired as a GS–12. Defendant could have hired Plaintiff as a GS–12. However, despite his qualifications, Plaintiff was not hired as a GS–12, but as a GS–11, effective April 5, 1971.

"8. Defendant's action in not hiring Plaintiff at the GS–12 level discriminated against him on the basis of race. If Plaintiff had been white he would have been hired as a GS–12.

### "V. VIOLATIONS OF LAW

"9. The racially discriminatory policies and practices of Defendant in his failure to hire the Plaintiff at the GS–12 level are violations of Title VII of the Civil Rights Act of 1964 as amended (42 U.S.C. § 2000e *et seq.*)."

App. 04. Thus, the district court opinion states "there is no allegation of discrimination continuing from before 1972 to after the effective date of Title VII." *Brown v. Turner*, 490 F.Supp. at 940. The complaint does not allege any failure to promote Brown after 1971. Thus, the district court properly distinguished *Bethel v. Jefferson*, 589 F.2d 631, 636 (D.C.Cir.1978), which held that Title VII applies to continuing violations beginning prior to March 24, 1972, and extending past that date, even if no proceeding was pending on that date.[2]

Brown also contends that the plain language of the statute does not require a

---

1. Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e–17 (1974 and Supp. 1981).

2. *Brown v. Turner*, 490 F.Supp. at 940. Another case which Brown relies on, *Ettinger v. Johnson*, 518 F.2d 648, 651 n.7a (3d Cir. 1975) ("*Ettinger I*"), might also be distinguished on the basis that the plaintiff had alleged a contin-

uing violation. The Court of Appeals for the Third Circuit remanded to the district court for it to consider several issues, including whether continuing discrimination had occurred. *Id.* at 652–53. See also *Ettinger v. Johnson*, 556 F.2d 692, 693 n.4 (3d Cir. 1977) ("*Ettinger II*"), and note 3 below.

pending complaint on March 24, 1972. The amendments to the statute state that they became effective on March 24, 1972. The sections of Title VII which specify the requirements for filing an action in district court do not indicate under what circumstances Title VII would apply to agency discrimination prior to March 24, 1972. Consideration of whether a complaint must be pending on that date is crucial to deciding whether the statute applies at all to such conduct. The absence of a section of Title VII requiring a pending complaint is irrelevant since the statute does not deal with the retroactive effect of the 1972 amendments.

■ Previous decisions of this court have not decided the issue whether or not the 1972 Title VII amendments apply retroactively to discrimination by federal agencies prior to March 24, 1972, where no proceeding was pending on that date. *Womack v. Lynn*, 504 F.2d 267 (D.C.Cir.1974), held that the Title VII amendments did apply retroactively to such discrimination if a district court proceeding was pending on the effective date. *Grubbs v. Butz*, 514 F.2d 1323, 1327 (D.C.Cir.1975), extended this holding to pending administrative proceedings. We hold that Title VII does not extend to the allegations in Brown's complaint since no proceeding was pending on the effective date of the 1972 amendments. We follow the holdings in *Clark v. Goode*, 499 F.2d 130 (4th Cir. 1974), and *Eastland v. Tennessee Valley Authority*, 553 F.2d 364 (5th Cir.), *cert. denied*, 434 U.S. 985, 98 S.Ct. 611, 54 L.Ed.2d 479 (1977). We decline to follow *Huntley v. Dept. of Health, Ed. & Welfare*, 550 F.2d 290, 295–96 (5th Cir. 1977), which held that no proceeding need be pending on March 24, 1972, for the Title VII amendments to apply retroactively. *Huntley* is a well-reasoned opinion, but we believe that the holdings of *Clark* and *Eastland* are more persuasive.

Brown attempts to distinguish *Clark* and *Eastland* on the basis that in those cases the administrative proceedings had terminated prior to March 24, 1972, while Brown initiated such proceedings long after 1972. The

language in both cases is too broad and clear to permit such a distinction. *Clark* stated that the Title VII amendment covering federal employees "is retroactive *only* to the extent of covering claims of discrimination 'pending' administratively on its effective date." 499 F.2d at 132 (emphasis in original). *Eastland* stated:

"We agree with the district court's determination that the 1972 Amendments should not be applied to plaintiffs who did not have administrative claims pending at the time that the 1972 Amendments became effective.... We hold that appellants ... had no substantive rights under the 1972 Amendments to Title VII since they did not have administrative claims pending on March 24, 1972 ...."

553 F.2d at 367. If we agreed with Brown's suggested distinction, then plaintiffs like those in *Clark* and *Eastland* who filed promptly prior to March 24, 1972, would be punished for their prompt action by dismissal of their claims, while those like Brown who did not file for many years would be rewarded by allowing their suits to proceed. We decline to adopt such a distinction.

Requiring a pending complaint works in favor of plaintiffs who filed promptly after the discrimination occurred. It does not hurt individuals whose proceedings had terminated before the effective date, since most of them are barred by the requirement that they file in district court within 30 days of receiving notice of final agency action. 42 U.S.C. § 2000e–16(c) (1976). Employees who filed administrative complaints promptly and received a final decision before February 23, 1972, would usually not have filed in district court within 30 days, since the amendments permitting such suits only became effective on March 24, 1972. Persons like Brown who did not bring administrative claims until many years later would not necessarily be barred by the 30-day limit. Permitting plaintiffs who do have pending complaints on the effective date to proceed, while barring those like Brown who filed later, rewards prompt filing. *Cf. Delaware State College*

*v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). *Ricks* stated:

"It should not be forgotten that time-limitations provisions themselves promote important interests; 'the period allowed for instituting suit inevitably reflects a value judgment concerning the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones.' *Johnson v. Railway Express Agency, Inc., supra,* [421 U.S. 454] at 463–464 [95 S.Ct. 1716, 1721–1722, 44 L.Ed.2d 295]."

*Id.* at 259, 101 S.Ct. at 505.

Brown also relies on a footnote in *Ettinger v. Johnson,* 518 F.2d 648, 651 n.7a (3d Cir. 1975). The parties in *Ettinger I* never briefed this issue and the statement appears to be dictum.[3]

Brown contends that no logical distinction exists between complaints filed before and after the effective date, and that a rule which would permit a complaint filed on March 23, 1972, and bar one filed on March 25, 1972, is not rational. Such a distinction, however, is the natural consequence of having an effective date for a statute. Similarly, a complaint filed one day prior to the running of a statute of limitations is timely, while a complaint filed two days later is barred. A complaint which was pending on March 24, 1972, can only cover conduct prior to that date. Complaints filed after that date, however, can logically be restricted to allegations of discrimination occurring after that date or continuing violations extending past that date. Congress could rationally desire not to encourage a flood of new complaints filed after March 24, 1972, covering alleged discrimination many years before that date, and yet decide that extending Title VII amendments to cases already pending on the effective date would add only a slight burden for the courts. Applying the amendments only to pending proceedings largely avoids the problem of encouraging plaintiffs to file new complaints which reach back to conduct occurring in the distant past.

If the Title VII amendments applied retroactively regardless of whether a proceeding was pending on March 24, 1972, employees could possibly bring claims dating back to 1948.[4] *Womack v. Lynn* stated that federal employees' right "to be free of such discrimination has been assured for years." 504 F.2d at 269. The court stated further:

"The right has been assured by a series of Executive Orders dating back at least to 1948. *See* E.O. 9980, 13 Fed.Reg. 4311 (1948); . . . ."

*Id.* at n.5. To permit such old claims to be brought in the 1980s could cause severe problems for the district courts and agencies. If a complaint was pending on the effective date, then the agency usually had received reasonably prompt notice of the claim. Brown's complaint demonstrates the problems which allowing actions such as his could cause: the CIA first received notice of his claim nearly five years after the alleged discrimination, and if the case proceeded to trial now, over ten years would have passed since the events constituting the claim took place.[5]

---

3. The footnote states that the rationale of that court's holding in *Sperling v. United States,* 515 F.2d 465 (3d Cir. 1975), *cert. denied,* 426 U.S. 919, 96 S.Ct. 2623, 49 L.Ed.2d 372 (1976), "suggests that" the Title VII amendments would apply retroactively without a pending proceeding on the effective date, but the opinion does not explicitly decide this issue. The plaintiff later appealed again after a remand, and the court explicitly stated: "we need not determine if the 1972 Act applies retroactively to this case. *See Ettinger I, supra,* at 651 note 7a." *Ettinger II,* 556 F.2d at 697 n.10. See also note 2 above.

4. Such claims could, of course, be barred for other reasons which we do not consider here.

5. We have also considered the recent cases of *Eikenberry v. Callahan,* 653 F.2d 632 (D.C.Cir. 1981), and *Hastings v. Earth Satellite Corp.,* 628 F.2d 85, 92–94 (D.C.Cir.), *cert. denied,* —— U.S. ——, 101 S.Ct. 281, 66 L.Ed.2d 137 (1980), which deal with retroactive application of statutes involving (1) the repeal of the jurisdictional amount for federal question jurisdiction (in 28 U.S.C. § 1331), and (2) workers' compensation in the District of Columbia. We believe that these cases are consistent with the result we reach.

## CONCLUSION

For the foregoing reasons, the order of the district court dismissing Brown's complaint will be affirmed.